**Chad Allen RAMSEY, Petitioner–Appellant,**

v.

**Joan PALMATEER, Respondent–Appellee.**

No. 02–35963.

D.C. No. CV–00–00259–AJB.

United States Court of Appeals,
Ninth Circuit.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Ellen Pitcher, FPDOR–Federal Public Defender's Office (Portland), Portland, OR, for Petitioner–Appellant.

Kathleen Cegla, Office of the Attorney General (Oregon), Salem, OR, for Respondent–Appellee.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Oregon state prisoner Chad Allen Ramsey appeals the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction and 1–year sentence for assault on a jail inmate. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Ramsey contends the trial court violated his right to a fair trial by requiring him shackled during trial, because it failed to consider less restrictive alternatives. We disagree. The trial court's determination that some measure was needed to maintain security is supported by Ramsey's history of escape, attempted escape, failure to appear and violent incidents. *See Jones v. Meyer,* 899 F.2d 883, 885 (9th Cir.1990) (holding that trial court must be persuaded by compelling circumstances that some measure was needed to maintain security and that court must consider less restrictive alternatives before imposing physical restraints). In response to Ramsey's objection, the court ordered his right hand-cuff removed. *See Spain v. Rushen,* 883 F.2d 712, 728 n. 21 (9th Cir.1989) (observing that one alternative less restrictive than extensive shackles would be a reduction in the number of chains).

Ramsey further contends the trial court erred in determining that no prejudice would result from his being shackled. Again, we disagree. Ramsey was charged with assault on an inmate and all of the in-custody witnesses were also in chains. Moreover, the evidence included the victim's testimony as to a physical and verbal altercation with Ramsey two days before the assault, and his testimony that after being knocked down, he saw Ramsey walking away. *See Castillo v. Stainer,* 983 F.2d 145, 149 (9th Cir.1992) (inquiring as to prejudice and stating, for purposes of harmless error analysis, that the court must ask what evidence the jury actually considered in reaching its verdict vis-a-vis the nature of the error).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.